AMERICAN CHICLE COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 29897. Promulgated May 14, 1931.

*P. L. Peyton, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

## OPINION.

McMahon: The tax liabilities of the petitioner for the years 1921, 1922, and 1923 are not before us for redetermination, but we are concerned with any net losses sustained by the petitioner in those years in so far as they affect the petitioner's tax liability for the year 1924. Since the net loss for 1921 exceeds the net income for 1923 and the petitioner sustained a net loss for 1922, the adjudication of the issues as they relate to 1923 would not change the amount of the net loss for 1922 which the petitioner is entitled to deduct, under section 206 (e) of the Revenue Act of 1924, in computing net income for 1924. We will, therefore, not consider the issues in so far as they relate to the year 1923.

The respondent has charged the petitioner with income in 1922, 1924, and 1925, in the amounts of $26,349.06, $11,397.90, and $15,-353.69, representing, in each instance, the amount by which the face or par value of the Sen Sen Chiclet Company 6 per cent bonds purchased for retirement during the year exceeded the purchase price paid by the petitioner. The bonds in question were a part of the bonds of the Sen Sen Chiclet Company oustanding at the date of the purchase of that company's assets by the petitioner, payment of which was assumed by the petitioner as part of the purchase price of those assets. Potentially, the liability created by the petitioner, in assuming the payment of these bonds, was equal to their aggregate face or par value, but its actual liability to the Sen Sen Chiclet Company was not for any specific sum but, rather, one which could be satisfied by whatever amount the petitioner might be required to pay in acquiring the bonds for retirement. Therefore, there is not here, in fact, as both parties have assumed, a matter of the petitioner's satisfaction of an obligation for less than the full amount or face value thereof. The payments involved in the transactions under consideration were payments on the purchase price of the Sen Sen Chiclet Company's assets, paid, under the conditions of the agreement, to the holders of that company's bonds. When all of the bonds have been retired by the petitioner, its obligation to the Sen Sen Chiclet Company will have been satisfied in full, and whatever the total amount paid to retire the bonds, it will constitute a part of the cost to petitioner of the Sen Sen Chiclet Company assets. Accordingly, we hold that the petitioner derived no income in 1922, 1924, and 1925 from the purchase of the Sen Sen Chiclet Company bonds, for retirement, at a price less than the face or par value of such bonds, and that the respondent erred in including in income for those years the items of $26,349.06, $11,397.90, and $15,353.69, respectively. See *New York, Chicago & St. Louis Railroad Co.*, 23 B. T. A. 177.

The petitioner further complains against the respondent's action in charging it with income in 1924, in the amount of $24,059.56, representing the amount by which the face or par value of the petitioner's notes purchased for retirement during the year exceeded the purchase price paid by the petitioner. Against this item of $24,059.55 the respondent allowed an offset of $18,200.94, representing the the so-called " unamortized discount " on these notes at the date of purchase and retirement, so that the net amount which the respondent has included in income is $5,858.61. The respondent denies the error charged in the complaint, and counters with an affirmative allegation that if the petitioner prevails as to the item of $24,059.55, the offsetting item of $18,200.94 should be eliminated

from the computation of net income, and, further, that he erred in allowing a deduction for 1925, of $27,689.79, for unamortized discount on the notes and debentures purchased for retirement in that year. We understand that wherever the term "discount" has been used in the stipulation of facts, the parties used the term to mean the difference between the issuing price of the petitioner's obligations, for cash, and the face or par value thereof, which brings it within the definition of "discount" as stated in *New York, Chicago & St. Louis Railroad Co., supra.*

Following the principle laid down in *Bowers* v. *Kerbaugh-Empire Co.*, 271 U. S. 170, the Board has repeatedly held, in a long line of cases, that a corporate taxpayer realizes no taxable gain from the purchase of its own bonds at less than the issuing price. See *American Tobacco Co.*, 20 B. T. A. 586, and cases therein cited. The facts of this case require the application of the same rule. However, the item of $18,200.94, which the respondent has allowed as an offset against the alleged gain of $24,059.55, for "unamortized discount" on the notes retired in 1924, should be eliminated from the computation of net income for that year, since it is clear that any such discount was not actually paid upon retirement of the notes. These notes, having a face or par value of $769,500, had been issued for $741,011.57 and were purchased by the petitioner at the price of $745,440.45. Thus, the discount which the petitioner actually paid amounted to only $4,428.88. The discount amortized to the date of purchase, which the petitioner was entitled to take as deductions in returns of prior years, to wit, $10,287.49, was more than twice as great as the discount which the petitioner actually paid. Clearly, under these facts, the petitioner was not entitled to any further allowance in respect of the discount on these notes when they were purchased for retirement in 1924. Accordingly, we hold that the net income for 1924, as determined in the deficiency notice, should be reduced by the sum of $5,858.61.

However, we hold that the respondent correctly allowed a deduction of $27,689.79, for 1925, in connection with the purchase and retirement of certain notes and debentures in that year. These notes and debentures, having an aggregate face or par value of $959,500, had been issued for $891,626.55, and were purchased by the petitioner at par. The amortized discount on these obligations to the date of purchase, which the petitioner, keeping its books on an accrual basis, was entitled to deduct in its returns, amounted to $40,183.66. Article 545(3) of Regulations 69 provides:

(*a*) If bonds are issued by a corporation at a discount, the net amount of such discount is deductible and should be prorated or amortized over the life of the bonds. (*b*) If thereafter the corporation purchases and retires any of such bonds at a price in excess of the issuing price plus any amount of

discount already deducted, the excess of the purchase price over the issuing price plus any amount of discount already deducted (or over the face value minus any discount not yet deducted) is a deductible expense for the taxable year. * * *

The petitioner purchased and retired the notes and debentures at a price which exceeded, by $27,689.79, the issuing price plus the amortized discount which the petitioner was entitled to deduct in its returns; and under the foregoing provisions of the regulations, which we believe to be a fair and reasonable interpretation of the applicable statute, it was entitled to the deduction of $27,689.79 which the respondent has allowed.

In view of the conclusions reached in this opinion, the net incomes for 1924 and 1925, as determined by the respondent in the deficiency notices, should be reduced by the amounts of $43,605.57 and $15,353.69, respectively.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*